Decided 2 October, 1899.

## COOK *v.* CITY OF PORTLAND.

[58 Pac. 353.]

1. APPEAL—QUESTION NOT DECIDED IN TRIAL COURT.—It is a general rule, subject to statutory exceptions, that questions must be presented to or decided in the court below, or raised by the pleadings, before they will be considered on appeal.

2. NOTICE OF STREET IMPROVEMENTS.—The Portland charter (Laws, 1893, p. 810, §§ 124, 125) provides that the council may repair a street, in its discretion, and assess the cost thereof against either the adjoining property or the general fund; but, if the former course is taken, the repair shall be officially entitled "an improvement, and shall be made accordingly."  Under section 100, a remonstrance of more than half of the property owners affected shall prevent further steps being taken in case of an improvement.  *Held,* that whenever the adjacent property owners are called on to pay for work in front of their lots they have the right to remonstrate, as the work is there governed by the provisions of section 100.

From Multnomah :   JOHN B. CLELAND, Judge.

This is a suit brought by J. W. Cook and others, owners of property fronting and abutting on North Front Street, in the City of Portland, to restrain the collection of an assessment against their property for repairing the street in front thereof.   From the complaint it appears that on May 19, 1897, the common council passed an ordinance

declaring the repair of certain portions of Front Street expedient and necessary, directing that the cost thereof be assessed upon adjacent property in accordance with sections 124 and 125 of the charter, and that the auditor give ten days' notice of the proposed repairs by publication in the city official newspaper; that, as so directed, the auditor caused to be published a notice of such proposed repair, and within ten days from the final publication thereof the owners of more than one-half of the property adjacent to the part of the street proposed to be repaired made and filed with the auditor a written remonstrance against the proposed repair; that, notwithstanding such remonstrance, the council caused such repair to be made, and assessed the cost against the abutting property, and subsequently caused warrants to be issued to the chief of police for its collection. The grounds upon which the validity of the assessment is challenged, as set out in the complaint, are "that no petition was ever made or filed asking that such repair or improvement be made; and that said common council of said city at no time since the filing of said remonstrance against the same by said adjacent property owners, as aforesaid, had any jurisdiction of, or right to proceed with, the making of said repair or improvement; and that said city, and its common council and street committee, in making said improvement and repair, acted wholly without any jurisdiction; and that in all said acts of making, or causing to be made, said improvement, the said council had no authority, right, or jurisdiction to assess or charge any part of the cost of making said repair or improvement, or any part thereof, to the plaintiffs or either of them, or to their or any of their said lots." By agreement of the parties, the suit was tried in the court below upon the allegations of the complaint and a demurrer thereto, without answer or

other pleading, and comes here on an appeal from a decree in favor of the city.                REVERSED.

For appellants there was a brief over the names of *Victor K. Strode, J. H. Middleton,* and *Franklin Pierce Mays,* with an oral argument by *Mr. Mays.*

For respondent there was a brief over the names of *Joel M. Long,* City Attorney, and *Ralph R. Duniway,* with an oral argument by *Mr. Long.*

By permission of the court Mr. Harry Wildey Hogue presented an oral argument on the constitutionality of the system of assessment provided by the charter.

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1. It is argued that the assessment in question is void because the provisions of the charter directing the manner in which property shall be assessed for local improvements are in contravention of the Fourteenth Amendment to the Constitution of the United States, within the doctrine of the recent case of *Village of Norwood* v. *Baker,* 172 U. S. 269 (19 Sup. Ct. 187). But we do not think the question thus sought to be raised is properly before the court: May, Prac. 88, 91, 99. The complaint contains no allegation attacking the validity of the assessment upon that ground, and no such question was raised or decided in the court below, nor is it discussed or alluded to in the printed briefs of either party. The plaintiffs, having brought a suit to restrain the collection of the assessment upon certain specified grounds, must stand or fall by the allegations of their complaint, and cannot now ask and obtain relief upon a ground not presented or decided in the court below, nor justified by the allegations of their pleadings.

35 OR.—25.

2. We come, then, to a consideration of the only
question in the case, viz., whether, under the charter in
force at the time the assessment was made, the owners
of property had a right to remonstrate against a pro-
posed repair of a street in front of their property, the
cost of which is to be assessed thereon. By the pro-
visions of the charter (Laws, 1893, p. 810, *et seq.*), the
council is, under section 124, authorized to repair any
street or part thereof whenever it deems it expedient, and
to declare by ordinance before doing the same whether
the cost shall be assessed upon the adjacent property or
be paid out of the general fund of the city; and, section
125, if it declares that the proposed repair shall be made
at the cost of the adjacent property, thereafter it "is to
be deemed an improvement, and shall be made accord-
ingly;" but, if it declares that the cost shall be paid out
of the general fund, it may be made as the ordinance
may provide, and be paid accordingly. Under these two
sections,—the only provision of the charter in reference
to repairs,—the council has power and authority to re-
pair a street whenever it deems it expedient, and to
cause the cost to be either assessed against the abutting
property or paid out of the general fund of the city. If
it is to be paid out of the general fund, the repair can be
made in any manner the council may by ordinance pro-
vide; but, if at the cost of the adjacent property, such
repair, after the declaration of the council to that effect,
becomes, to all intents and purposes, an improvement,
and must be treated as such in all subsequent proceed-
ings. As said by Mr. Justice THAYER in *Hawthorne* v.
*City of East Portland*, 13 Or. 281 (10 Pac. 348), in con-
struing similar provisions in the charter of East Port-
land: "The result is, the improvement of streets and
repair of streets have become confounded. If the ex-
pense of the repair is to be charged upon the adjacent

property, it is an improvement. The distinction, therefore, in such cases, is only in name. The proceeding out of which this controversy has arisen may be termed either an 'improvement' or 'repair.' The test seems to be whether the expense is to be charged upon the adjacent lots. If the council should term an 'improvement' a 'repair,' it would be immaterial; and I do not see why the work undertaken in regard to the improvement of L street, as shown in this case, could not have been termed a 'repair' as well as an 'improvement.' When the council declared that it should be made at the cost of adjacent property, it was then deemed an 'improvement,' and had to be made accordingly."

Now, under sections 98 and 99 of the charter, no improvement of a street could be undertaken or made without ten days' notice thereof first having been given by the auditor, by order of the council, in some daily newspaper, specifying with convenient certainty the street or part thereof proposed to be improved, and the kind of improvement to be made. And section 100 provides that, "within ten days from the final publication of such notice, the owners of more than one-half of the property adjacent to such street, or part thereof, as the case may be, may make and file with the auditor a written remonstrance against the proposed improvement, grade, or alteration thereof, and thereupon the same shall not be further proceeded in or made; and any improvement so defeated by remonstrance shall not be again proposed for six months, except on petition of two-thirds of the property to be affected thereby." These sections provide the procedure in case of an improvement, and as, under section 125, a "repair" is to be deemed an "improvement" whenever the council declares that it shall be at the cost of the adjacent property, it necessarily follows that in such case the same notice is required, and the

same right of remonstrance given, as in case of an improvement. We cannot understand why a portion of the provisions of the charter, in reference to the procedure in case of the improvement of a street, after the council has acquired the right to act in the matter at all, should be held to apply to a repair, and not all such provisions. The purpose to be served in each instance is the same. The object of the proceeding is to compel the adjacent property to pay the cost, and there is just as much reason—if, indeed, not more—for giving the owners the right of remonstrance against a repair as there is in giving them such right in case of an improvement. After an examination of the several provisions of the charter, we have been unable to reach any other conclusion than the one indicated; and for the reasons given the decree of the court below must be reversed, the demurrer overruled, and a decree entered here in accordance with the prayer of the bill.            REVERSED.