Argued 15 October ; decided 28 October, 1901.

## OREGON REAL ESTATE COMPANY *v.* PORTLAND.

[66 Pac. 442.]

VOID STREET ASSESSMENTS—CONSTRUCTION OF CURATIVE ACT.
1.    Section 156 of the Portland Charter of 1898 (Laws, 1898, pp. 101, 163), providing that if, on the completion of any street improvement, when the cost thereof is declared to be a charge on the adjacent property, any assessments levied are adjudged invalid, the city can sue the owners of abutting property, and recover the cost of such improvement, does not cure, ratify or confirm void assessments, but is available only after a judicial adjudication that the assessment is invalid :    *Thomas* v. *Portland,* 40 Or. 2, followed.

STREET IMPROVEMENT—REPAIRS—EFFECT OF REMONSTRANCE.
2.    Where, in an attempt of a city to carry forward the improvement of a portion of a street and the repair of the remainder as a single undertaking, the improvement proceedings are invalid, the portion to be repaired is left to be proceeded with as a separate undertaking ; and a remonstrance of the owners of more than one half of the property adjacent to and assessed for the repair, becomes effective, so as to render the proceedings and subsequent assessment void.

From Multnomah: John B. Cleland, Judge.

Suit by the Oregon Real Estate Company to restrain the City of Portland and its officers from enforcing the collection of sundry street improvement warrants by a sale of plaintiff's property, and to annul them. There was a decree granting part of the relief demanded, from which both parties appeal.

Reversed.

For appellant there was a brief over the name of *Pipes & Tifft,* with an oral argument by *Mr. Martin L. Pipes.*

For respondents there was a brief over the names of *Joel M. Long,* City Attorney, and *Ralph R. Duniway,* with an oral argument by *Mr. Duniway.*

Mr. Justice Wolverton delivered the opinion.

In March, 1898, the common council of the City of Portland, by regular ordinance, declared it expedient and necessary to repair Union Avenue from the north line of East Burnside Street to the south side of Weidler Street, in the City of Portland, and directed that the cost of such repair be assessed upon the adjacent property, in pursuance of sections 124 and 125 of the city charter then in force (Laws, 1893, pp. 810, 849). The kind of work directed to be done was as follows: "First. From the north line of East Burnside Street to the south line of Weidler Street, save and except the elevated roadway from a point twelve feet north of the south line of East Everett Street to a point one hundred and forty-five feet north of the north line of East Flanders Street, by removing from that portion of the street not covered with gravel all the mud, earth, and debris to subgrade, and by removing all the loose earth, mud, and debris from the surface of the graveled portions of the roadway; by bringing the roadway to the established grade full width, with full intersections, with gravel; by constructing sidewalks twelve feet wide, with six-foot covering planks, and new crosswalks, six feet wide, and constructing box

gutters. Second. From a point twelve feet north of the south line of East Everett Street to a point one hundred and forty-five feet north of the north line of East Flanders Street, by putting in new mudsills at both ends of the bridge, and new foundation under bents, where necessary, and cutting off and splicing decayed posts; by putting on new caps and supercaps, and putting new posts in one bent; by putting new stringers in the roadway and sidewalks; by recovering the roadway with four-inch by twelve-inch yellow fir covering planks, and the sidewalks with two-inch by eight-inch yellow fir planks; and by repairing the fences.'' The bridge to which this latter repair alludes is four hundred and fifty feet long, and extends across the entire space designated above. The work having been completed, the cost thereof assessed upon the abutting property, and warrants issued to enforce collection, the plaintiff brings this suit to restrain the levy and sale of its abutting property, and to have the assessment thereon declared void as a cloud upon its title. The work was undertaken without a petition from the abutting property holders therefor, and, after notice of the common council's intention in the premises had been given, the plaintiff filed a remonstrance against any further proceedings with reference thereto, which was considered by the council, but disregarded.

A demurrer to the complaint having been overruled, an answer setting up the provisions of section 156 (Laws, 1898, pp. 101, 163), of the present charter as a bar to a further prosecution of the suit was filed, and, a demurrer thereto being sustained, the cause went to trial upon the facts, and a decree was rendered declaring the assessment void as it pertained to the following described adjacent property, of which plaintiff was the owner, viz.: Lots 6, 7, and 8, block 10, Wheeler's Addition; lots 3 and 4, block 69, lots 1, 2, 3, and 4, block 70, lots 1, 2, 3, and 4, block 71, and lot 4, block 43, Holladay's Addition; lot 1, block 111, East Portland; and a small tract otherwise described,—upon the ground that the work undertaken was not in fact a repair, but an original improvement, and valid as it affects the following described property of plaintiff: Frac-

tional lot 7, south of the Oregon Railroad & Navigation right of way, and lots 5 and 6, block 73; part of lot 2 and lots 3 and 4, block 111; fractional lot 2, south of the Oregon Railroad & Navigation right of way; and lots 3 and 4, block 110, East Portland,—decreeing that the work for which the assessment was made thereon was a repair, and had been regularly and properly done. This latter property abuts exclusively upon that part of Union Avenue along which the bridge extends, and constitutes more than one half of the property affected by the assessment for the repair of such bridge adjudged and decreed to be valid. Both parties appeal.

1. The work done by the common council under the denomination of a repair comprises a space of sixteen blocks and intersecting streets upon Union Avenue. It was to be carried forward as a single undertaking, and was so treated from the beginning to the time of levying the assessment upon the abutting property. The court below found that the work other than that on the bridge was not a repair, but an original improvement, which finding is in full accord with the fact, and is not questioned by counsel for the city. There was no petition for the improvement by owners of one third of the abutting property, as required by section 98 of the charter of 1893, then in force, as a prerequisite to giving notice of the proposed work, or the prosecution thereof. This was concededly a fatal defect in the proceedings, and rendered the assessment void. But it is contended here, as it was in the case of *Thomas* v. *Portland,* 40 Or. 50 (66 Pac. 439), that section 156 of the present charter is presently and absolutely curative of the defect, and bars further prosecution of the suit. This question was decided adversely to the defendant in that case, and it is conclusive of the contention here. This disposes of the city's appeal.

2. The improvement being unauthorized, there was nothing but the bridge repair to be made by the city. But there was a remonstrance interposed as to that work by the owner of more than one half of the adjacent property to be affected by the assessment, which was fatal to its prosecution: *Cook* v.

*City of Portland,* 35 Or. 383 (58 Pac. 353).    The abutters could not be deprived of their remedy afforded by a remonstrance by combining with the repair an improvement extending to other parts of the avenue, which was not regularly and lawfully initiated and prosecuted to completion, and a valid assessment levied therefor.    The irregularity and invalidity of the improvement proceedings left the repair to be proceeded with as if it was a separate undertaking, and, the common council having declared that the cost thereof should be assessed against the adjacent property, the remonstrance became effective, and should have been so considered by the council, and the work abandoned.    The assessment for the repair was therefore also void, and the decree of the court will be reversed in so far as it validates said assessment, and one entered here in accordance with the prayer of the plaintiff, with costs in both courts.                                REVERSED.

Decided 28 October, 1901.