Argued 15 October ; decided 28 October, 1901.

**OREGON REAL ESTATE CO. *v.* GAMBELL.**

OREGON REAL ESTATE CO. *v.* PORTLAND.

[66 Pac. 441.]

</div>

INVALID STREET ASSESSMENTS—APPLICATION OF CURATIVE ACT.*

Under Section 156 of the Portland Charter of 1898 (Laws, 1898, pp. 101, 163, § 156), providing that if, upon the completion of any street improvement, when the cost thereof is declared by the common council to be a charge on the adjacent property, any assessments levied are adjudged to be invalid because of defects, the city can bring actions against the owners of abutting property and recover the cost of such improvement properly chargeable thereunder, a void assessment is not cured, ratified, or confirmed, in the absence of an adjudication that the assessment is invalid : *Thomas* v. *Portland,* 40 Or. 50, followed.

From Multnomah :   JOHN B. CLELAND, Judge.

Suit by the Oregon Real Estate Co., a private corporation, to restrain the City of Portland, its Auditor and others, from

---

selling certain lots.    There was a decree for defendants, from
which plaintiff appeals.                                REVERSED.

For appellant there was a brief over the name of *Pipes & Tifft*, with an oral argument by *Mr. Martin L. Pipes.*

For respondent there was a brief over the names of *Joel M. Long,* City Attorney, and *Ralph R. Duniway,* with an oral argument by *Mr. Duniway.*

MR. JUSTICE WOLVERTON delivered the opinion.

This is a suit to enjoin the collection of a street assessment
by levy and sale under a warrant issued by authority of the
City of Portland, and to declare the assessment void, which
plaintiff avers is a cloud upon its title.    On July 21, 1897, the
Common Council of the City of Portland passed an ordinance
declaring it expedient and necessary to repair the elevated
roadway on Grand Avenue from the north line of East Everett
Street to a line 137 feet north of East Flanders Street, and
directing that the cost of such repair be assessed upon the
adjacent or abutting property.    When notice was given of the
city's intention to make the repair, the plaintiff filed a remon-
strance in opposition thereto, and against the assessment of
the cost thereof upon the property involved.    Plaintiff was
the owner of fractional lot 5, all of lot 6, and the south 37 feet
of lot 7, in block 111; lots 5, 6, and 7, and fractional lot 8 in
block 110; the south 37 feet of lot 2, and fractional lot 3, block
112; and lots 1, 2, 3, and 4, block 113,—in East Portland, now
the City of Portland, which constitutes more than one half
of the property adjacent to that portion of the street sought
to be repaired; but, notwithstanding, the common council dis-
regarded the remonstrance, proceeded with the repair, and
assessed the cost thereof against the plaintiff's said property.
These facts appear by the complaint, and, a demurrer thereto
having been sustained, the plaintiff refused to plead further,
whereupon a decree was entered dismissing its complaint, with
costs, from which this appeal was taken.

It is conceded by counsel for the defendants that the city was without power to make the repair and assess the cost thereof against the plaintiff's property in the face of such remonstrance, it being the owner of more than one half of the property affected thereby.  The case of *Cook* v. *Portland,* 35 Or. 383 (58 Pac. 353), is deemed decisive of the question; but it is urged that section 156 of the city charter, now in force (Laws, 1898, pp. 101, 163, § 156), is curative of the defect, and operates to take away or deprive plaintiff of its right to prosecute a suit to nullify the assessment, and that this question may be raised under a general demurrer.  We have determined, however (*Thomas* v. *Portland,* 40 Or. 56, 66 Pac. 439), that the purpose and operation of such section was not to validate, *ex proprio vigore,* all assessments for improvements attempted, where the proceeding proved in some form or particular to be irregular or insufficient, measured by the prescribed requisites under the charter, but that it was intended · as a new and more efficacious remedy, to be invoked only when the assessment had been found or adjudged to be invalid for some reasons suggested thereby.  This being a suit to test the validity of the primary assessment, the provisions of section 156 do not stand in the way of its prosecution to final determination; and hence the demurrer was erroneously sustained, and the complaint should not, therefore, have been dismissed. In justice to the court below, it may be added that this point was made here for the first time, and the demurrer was sustained before the case of *Cook* v. *Portland,* 35 Or. 383 (58 Pac. 353), was decided.  The decree of the court below will be reversed, the demurrer overruled, and the cause remanded for such further proceedings as may seem appropriate.

REVERSED.