Decided 27 April, 1903.

## PORTLAND v. OREGON REAL ESTATE CO.

[72 Pac. 322.]

VOID PUBLIC IMPROVEMENT—POWER OF COUNCIL—CURATIVE ACT.

Section 156 of the Portland Charter of 1898 (Laws 1898, pp. 101, 163), providing for an action by the city to recover the cost of a public improvement that shall have been judicially declared invalid, does not apply to a case where the city lost its power by the filing of a valid remonstrance. The filing of a valid remonstrance against a public improvement deprives the city entirely of the power to proceed further therewith, its subsequent proceedings in such matter, if any, are wholly void, and the city cannot invoke the supplemental remedy provided by section 156.

From Multnomah : MELVIN C. GEORGE, JOHN B. CLE-LAND, and ALFRED F. SEARS, JR., Judges, in joint session.

This is an action by the City of Portland against the Oregon Real Estate Company, instituted under section 156 of the 1898 charter of the City of Portland (Laws 1898, p. 163), to collect the amount assessed against abutting property of the defendant by the common council of the city for repairs made upon an elevated roadway. On July 22, 1897, the common council, by ordinance, declared it expedient and necessary to make the repairs, and directed that the cost thereof should be assessed upon the adjacent property in the manner provided by sections 114 and 115 of the charter of 1893 (Laws 1893, pp. 846, 847), under which the council was then acting. The defendant company, which was the owner of more than one half of the property affected, interposed a remonstrance to the making of such repair, which was disregarded by the council, the repair made, notwithstanding, at a considerable cost, and an assessment for the amount levied against its property. Feeling aggrieved, defendant by a suit in equity had the city enjoined from enforcing the collection of the assessment, and it was finally decreed by this court, on appeal, that such proceedings were rendered void by reason of the common council's disregard of the remonstrance (*Oregon Real Estate Co.* v. *Portland,* 40 Or. 56, 66 Pac. 442), where-

upon this action was instituted to enforce collection, notwithstanding the proceedings of the common council were thus invalidated.

There was a demurrer to the complaint, which being overruled, and defendant refusing to plead further, judgment was rendered against it, from which this appeal is prosecuted.                                        REVERSED.

For appellant there was a brief over the name of *Pipes & Tifft*, with an oral argument by *Mr. Martin L. Pipes*.

For respondent there was a brief and an oral argument by *Lawrence A. McNary*, City Attorney, and *Mr. John P. Kavanaugh.*

MR. JUSTICE WOLVERTON, after stating the facts in the foregoing terms, delivered the opinion.

The principal contention of defendant, and one that we believe to be fatal to the plaintiff's cause of action, is that the remonstrance to the common council against the repair was effective to divest it of all power to proceed further in the premises, and hence that the case does not come within the purview and intendment of said section 156 (Laws 1898, pp. 101, 163). This requires a construction of the section alluded to, so far as it has a bearing upon the present controversy. It provides, *inter alia*, that, in the event any assessment heretofore made or levied by the city for the improvement or repair of a street, when the cost thereof has been declared by the common council to be a charge upon the adjacent property, shall have been or shall hereafter be found, declared, or adjudged to be invalid or uncollectible for any reason, whether because of any defect, jurisdictional or otherwise, or any insufficiency, irregularity, or informality whatever in the original petition therefor, if any, or in any stage of the proceedings, the city shall have power to bring an action in the circuit court against the owner or owners of the lot or lots, etc.,

upon which the cost of such improvement or repair might or could be charged or imposed under the terms of this act, and recover from such owner or owners the proportion of the cost of such improvement or repair heretofore charged to such lot or lots. In the preceding clauses of the same section, provision is made for bringing like actions, under similar conditions, where the improvements or repairs shall have been made subsequent to the adoption of the charter of 1898. By the charter of 1893 the repair in question was deemed to be an improvement, as the cost thereof was directed to be assessed against the adjacent property: *Cook* v. *Portland*, 35 Or. 383 (58 Pac. 353). The mode by which the common council acquired jurisdiction to proceed in case of an improvement was by a petition of the owners of one third of the property affected thereby, and notice published in some daily newspaper in the City of Portland for ten days, but it was provided (Laws 1893, pp. 810, 843, § 100,) that the owners of more than one half of the adjacent property might, within ten days after final publication of such notice, make and file with the auditor a written remonstrance against the proposed improvement, and that thereupon the same should not be further proceeded with or made, and that any improvement so defeated should not be again proposed for six months, except upon the petition of the owners of two thirds of such property.

The charter of 1898, in prescribing the mode for obtaining jurisdiction, dispensed with the petition, but not the notice. This latter was required to be given by posting in the manner specified, as well as by publication. The provision permitting a remonstrance to be filed by the owners of more than one half of the adjacent property was retained, and it was declared that such remonstrance should be a bar to any further proceedings in relation to the work or improvement for a peried of six months, unless the

owners of one half or more of such adjacent property should subsequently petition therefor; but that in case no such petition should be filed, and the common council should again propose to do the same work, like proceedings should be had in relation thereto as in the first instance. Thus it will be seen that the office or effect of the remonstrance under the charter of 1893 was to defeat the improvement, and under that of 1898 to bar it, which means the same thing. It was an instrument in either case, not to be used for acquiring jurisdiction, but one to be employed or not, as the property holder might deem advisable, to defeat or divest the common council of jurisdiction to proceed further unless subsequently invested with power so to do in the manner prescribed. It was a remedy provided by the charter, of which the property holder had a right to avail himself when it appeared to him that his property was going to be incumbered with an assessment for an improvement or repair, and when he filed his remonstrance it operated as an answer in bar. It defeated that particular proceeding, and the common council could go no further therein. It might have begun anew after six months, but it must have been by another and different proceeding.

Now, in providing the remedy given by section 156, by which the assessment might be collected despite any defects attending the proceedings by which it was made or levied, jurisdictional or otherwise, was it the intention of the legislature to deprive the property holder of this important right or privilege? For, if the common council may disregard a valid remonstrance, make the improvement and the assessment, and have the latter enforced by an action at law after it has been declared inoperative and void by a court of equity, then is the property holder shorn of his right to remonstrate, and of his remedy, through the instrumentality of the remonstrance, to defeat or bar the

proceedings by which the assessment is levied. The remedy could not then avail him in any event, either to defeat or to bar the proceedings. Such a construction should be adopted as will give effect to all of these provisions, if possible. As we view the matter, there is no repugnance. In the first place, the city is given a remedy whereby it may require the adjacent property to answer for the cost of improvements or repairs made in its streets or avenues, and a mode is prescribed by which the common council may acquire jurisdiction to assess the cost to such property. If it has proceeded irregularly in the acquirement of such jurisdiction, or its proceedings were so defective in other respects as to invalidate them, then section 156 provides an additional remedy whereby the assessment may be collected, despite the invalidity of the proceedings, after such invalidity has been so declared and adjudged: *Thomas* v. *Portland*, 40 Or. 50 (66 Pac. 439). These are remedies provided for the city. Now, upon the other hand, the charter has accorded the property holder his remedy to defeat the proceedings, and consequently the assessment, through the instrumentality of the remonstrance. These remedies should not be confounded or confused. Nor should we mistake a prescribed essential in the mode of procedure by which the remedy is invoked for the remedy itself, or *vice versa*, the remedy for such an essential; and it is a fallacy to say that the absence of a remonstrance is an essential to the acquirement of jurisdiction by the common council, for, if no remonstrance be filed, the jurisdiction which may have previously attached is not disturbed, and the improvement may be made. If the city has pursued its first remedy defectively, it may invoke the additional one. However, a refusal of the common council to consider the property holder's valid remonstrance is not in any sense a defect in the mode by which it may acquire jurisdiction, but is rather a denial of the right to remonstrate, or of the remedy ac-

corded him for defeating the assessment. There is no repugnancy, therefore, in giving effect to all the remedies accorded, and when the property holder has invoked his remedy by a sufficient remonstrance he has effectively barred the proceeding, so that there is henceforth no opportunity for the city to invoke its additional remedy. Whatever the common council may have done thereafter in levying the assessment was absolutely and wholly void for want of power to act. We conclude, therefore, that it was not the purpose of the legislature, by the adoption of section 156, to impair or defeat the property holder's remedy to defeat or bar the assessment by remonstrance if he chose to invoke it, and that the action provided for in said section was not designed to extend to a case like the present, where the assessment has been levied notwithstanding the interposition of a valid and sufficient remonstrance to the proceedings. Were we to hold otherwise, it would certainly result in according to the common council an unwarranted discretion as to whether it should permit the property holder to avail himself of his remedy or not. It might, if it chose to do so, consider a remonstrance in one case, whereas, in another of equal merit, it could disregard it, and allow the proceedings to be invalidated by a suit in equity, and then validate them by an action at law. This would work an inequality, and perhaps an injustice, in many instances, which we are constrained to believe was not within the intendment of the legislature.

In this view of the charter and the purpose of section 156, the demurrer to the complaint should have been sustained. The judgment of the trial court will therefore be reversed, and the cause remanded thereto, with a direction to sustain the said demurrer, and for such further proceedings as may be deemed proper, not inconsistent with this opinion.                                        REVERSED.