## TOWN OF LA FAYETTE *v.* CLARK.

### JURISDICTION OF CITY RECORDER—APPEAL—REVIEW.

The charter of the town of La Fayette gives the recorder jurisdiction over complaints for the violation of town ordinances, and makes him, *ex-officio*, a justice of the peace.

C. was fined by the recorder for a violation of an ordinance of the town, and appealed to the circuit court, where the judgment of the recorder was affirmed. On an appeal from such judgment: *Held*, That the jurisdiction of the recorder over complaints for the violation of town ordinances, belonged to him in his office of recorder, not as a justice of the peace.

That an appeal, as a mode by which a cause may be retried on the facts, is a privilege existing by statute, not by common law, and that an appeal not having been expressly provided by statute, review was the proper remedy.

Appeal from Yamhill. The facts are sufficiently stated in the opinion.

*W. D. Fenton*, for appellant.

*E. C. Bradshaw and H. Hurley*, for respondent.

By the Court, Waldo, J.:

This is an appeal from the judgment of the circuit court for Yamhill county, affirming a judgment of the recorder of the town of La Fayette, imposing a fine on the appellant, Clark, for the violation of a town ordinance. The case was brought up to the circuit court by way of appeal.

The transcript, as certified, was found not to contain a copy of the complaint upon which the case had been tried before the recorder. An order was thereupon made and served on the recorder to complete the transcript, to which he made answer that the complaint could not be found, and that he could not comply with the order. A motion was then made by the respondent, and granted by the court, to dismiss the appeal and affirm the judgment of the recorder, and from this judgment of the circuit court this appeal has been taken.

The first question that arises is upon the mode of procedure adopted by the appellant to bring the case into the circuit court. If an appeal was not authorized by law, that court did not acquire jurisdiction over the case, and its judgment, affirming the judgment of the recorder, is void.

Section 3 of the act, entitled, "An Act to incorporate the town of La Fayette, in Yamhill county, Oregon" (Session Laws, 1878, page 127), provides that among the other officers of the town, there shall be a "recorder, who shall be the clerk of the board of trustees, and assessor, and *ex-officio* justice of the peace within the limits of the town of La Fayette." By section 7: "The recorder shall be *ex-officio* justice of the peace, and have jurisdiction, civil and criminal, pertaining to that office, and shall have jurisdiction over all violations of city ordinances, and may hold to bail, fine or commit persons found guilty thereof."

The charter has no provision giving an appeal from the judgments of the recorder for the violation of town ordinances.

The respondent assumes that the statutes governing appeals from judgments of justices of the peace apply to and govern the recorder sitting as a town magistrate. But this cannot be true, unless, when so sitting, the recorder is exercising the jurisdiction and performing the duties of a justice of the peace. As recorder and judicial officer of the corporation his duty is confined to the administration of the ordinances of the town. (*Meagher* v. *The County of Storey*, 5 Nev., 244.)

As justice of the peace he administers the laws of the state. The two offices are as distinct as though held by different persons. The recorder is not, therefore, acting as a justice of the peace when discharging the duties of his municipal office. There is a conclusive reason why this cannot be true, found in article 4, section 23, subdivision one, of the constitution of Oregon, prohibiting the passage of special or local laws regulating the jurisdiction and duties of justices of the peace. An act extending the jurisdiction of a justice of the peace over complaints for the violation of town ordinances, would be in conflict with this provision of the constitution. It would confer upon a justice of the peace, exercising jurisdiction within certain prescribed limits, powers not conferred upon such officers generally, as a class.

When a justice of the peace, exercising jurisdiction within certain prescribed limits, is invested with powers not belonging to justices of the peace generally throughout the state, the act conferring such jurisdiction is a local law. (*Kerrigan* v. *Force*, 68 N. Y., 383; *The People* v. *Supervisors*, 43 N. Y., 10; *Wheeler* v. *Philadelphia*, 77 Penn. St., 348; *The People* v. *Cooper*, 83 Ill., 589.)

An appeal lies by statute from the judgments of the recorder acting as a justice of the peace. But when sitting as a recorder, there is no provision for an appeal from his judgments to be found either in the charter of the town of La Fayette or in any general law of the state. Appeals for the

removal of causes from an inferior to a superior court for the purpose of obtaining trials *de novo*, are unknown to the common law, and can only be prosecuted where they are expressly given by statute.   (*The Schooner Constitution* v. *Woodworth*, 1 Scam., 512.)

In *United States* v. *Wonson*, 1 Gal., 5, Mr. Justice Story says that the word appeal comes from the civil law, and as a mode by which a cause may be retried on the facts, is a privilege existing by statute, and not by common law, and is considered by our courts as a mere legislative and not a constitutional privilege.   He further says that many learned men have regarded its transfer into our system as a mischievous novelty.

The circuit court, therefore, had no jurisdiction of the case. Review was the proper remedy.

Judgment reversed.