IN THE

# SUPREME COURT

OF

# OREGON

Decided January 31, 1911.

## CITY OF PORTLAND v. NOTTINGHAM.

[112 Pac. 28.]

MUNICIPAL CORPORATIONS — CORPORATIONS — PUBLIC IMPROVEMENTS — AMOUNTS—STATUTE.

1. Portland city charter (approved January 23, 1903) provides in section 401 for an appeal from city assessments to the circuit court, and that the jury snall view the property assessed, and its verdict shall be final as to the benefits to be assessed, and that the appeal shall be heard and determined as far as practicable in the same manner as an action at law. *Held* that, in view of the last provision, the verdict cannot be held to be free from the control of the court, and hence the court can award a new trial when prescribed by the procedure of the court, as when the jury disregard instructions, and return a verdict contrary to law.

APPEAL AND ERROR—NATURE OF REMEDY—RIGHT TO APPEAL.

2. An appeal is not a matter of right, but a statutory privilege, and he who would enjoy the privilege must show the statute conferring it upon him.

MUNICIPAL CORPORATIONS—RIGHT TO APPEAL—STATUTE—CONSTRUCTION.

3. Portland city charter (approved January 23, 1903), by Section 401, provided for appeals to the circuit court from city assessments, and that the verdict of the jury there should be final. At that time there was no appeal from orders granting new trials, but Laws 1907, p. 311 (Section 548, L. O. L.) gave the right. Section 2, Article XI, of the constitution, adopted in 1906, provides that corporations may be formed only under general laws, that the legislature may not amend or repeal any charter, and that the voters of every municipality shall have the power to enact or repeal their charters. Section 1a, Article IV, of the constitution

gives the initiative and referendum to the voters of every municipality as to all local, special, and municipal legislation. *Held,* that, as the legislature under the above constitutional provisions could neither amend nor repeal municipal charters, Laws 1907 giving an appeal from an order granting a new trial did not affect the Portland city charter, so that no appeal would lie from an order setting aside the verdict of the jury on an appeal from an assessment under section 401.

From Multnomah: EARL C. BRONAUGH, Judge.

ON MOTION TO DISMISS.

Statement by MR. JUSTICE BURNETT.

The council of the city of Portland caused a portion of East Washington Street in that city to be improved, and thereafter passed an ordinance making a reassessment upon the property benefited thereby, including property of the defendants. The reassessment was made under section 400 of the charter of the city of Portland. Under section 401 of the charter the defendants appealed to the circuit court of the State of Oregon for Multnomah County from the reassessment made by the council. After a trial in the circuit court, the jury returned a verdict finding that the property of the defendants was benefited in the full amount of the reassessment, thus sustaining the action of the council and the contention of the city. Upon this verdict a judgment was rendered in accordance therewith, but the court afterwards made an order setting aside the verdict and judgment on the ground that it was against the law, and that the jury had disregarded the instructions of the court. From that order of the circuit court granting a new trial, the city has prosecuted this appeal, which the defendants have moved to dismiss.        DISMISSED.

*Mr. Ralph R. Duniway* for the motion.

*Mr. Frank S. Grant* and *Mr. H. M. Tomlinson, contra.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The appeal from the action of the council to the circuit court of Multnomah County was had by virtue of

section 401 of an act of the legislative assembly entitled "An act to incorporate the city of Portland, Multnomah County, State of Oregon, and to provide a charter therefor, and to repeal acts and parts of acts in conflict therewith," approved January 23, 1903, which, so far as applicable to this proceeding, reads as follows:

"Any person who has filed objections to such new assessment or reassessment which have not been satisfied by the amendments made by the council may appeal to the circuit court of the State of Oregon for the county of Multnomah from the assessment against any property owned by him, or in which he has an interest. * * Any number of persons may join in such appeal, and the only question to be determined therein shall be the amount of special benefits, equitably to be assessed against the property of each person joining in said appeal. The jury shall view the property assessed, and its verdict shall be a final and conclusive determination of the question. * * The city shall be considered the plaintiff, and such appeal shall be conducted and be heard and determined as far as practicable in the same manner as an action at law."

When considered alone, section 401 of the charter of the municipality affords no appeal from the decision of the circuit court, for that section says "the jury shall view the property assessed, and its verdict shall be a final and conclusive determination of the question"; but it also says that the "appeal shall be conducted and be heard and determined as far as practicable in the same manner as an action at law." By the provisions of this section the circuit court of Multnomah County with its procedure is utilized as a part of the municipal government of the city of Portland. The jury trial of the issues on such an appeal means a jury trial in its generally accepted signification. It means more than the offhand decision of any twelve men, however accomplished. The judge of that court in such proceeding is more than a mere moderator. The jury trial has, in such cases, all

the incidents of the jury trial of any other issue. It must be under the superintendence of the court. The rules of law applicable to the case must be declared by the court, and the action of the jury must be in obedience to those rules. It is in this sense and meaning that the right of trial by jury must be preserved and the requirement that the "appeal shall be conducted and be heard and determined as far as practicable in the same manner as an action at law" must be observed. This includes the power of the court to enforce its authority in declaring the rules of law and requiring the jury to observe them, and it is only when a verdict has been rendered according to such rules that it can be said to be a final and conclusive determination of the question. Hence the circuit court of Multnomah County had authority to set aside the verdict of the jury for any of the reasons prescribed for the procedure of that court.

2. An appeal is not a matter of primary right. It is a privilege, and he who would enjoy that privilege must show some statute conferring it upon him: *Portland* v. *Gaston,* 38 Or. 533 (63 Pac. 1051) ; *Sears* v. *Dunbar,* 50 Or. 36 (91 Pac. 145) ; *Union Nat. Bank* v. *Barth,* 179 Ill. 83 (53 N. E. 615.) Prior to the enactment of Chapter 162 of the Laws of 1907, p. 311, there was no appeal from an order granting a new trial of an action at law: *Kearney* v. *Snodgrass,* 12 Or. 311 (7 Pac. 309) ; *Beekman* v. *Hamlin,* 23 Or. 313 (31 Pac. 707.) The portion of that chapter relied upon by the appellant here is embodied in Section 547, L. O. L., reading thus:

"A judgment or decree may be reviewed as prescribed in this chapter, and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or a final order affecting a substantial right and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial,

for the purpose of being reviewed, shall be deemed a judgment or decree."

3. Does this enactment of the legislative assembly of 1907 apply to the proceedings under the charter of the city of Portland under consideration here, so as to allow an appeal from an order of the circuit court granting a new trial in that court? Section 2 of Article XI of our State constitution provides that "corporations may be formed under general laws, but shall not be created by the legislative assembly by special laws. The legislative assembly shall not enact, amend, or repeal any charter or act of incorporation for any municipality, city, or town. The legal voters from every city and town are hereby granted power to enact and amend their municipal charter, subject to the constitutional and criminal laws of the State of Oregon." This provision of the constitution was adopted by the people at the June election of 1906, and went into effect upon the proclamation of the Governor June 25th of that year. Its effect is to take from the legislative assembly the right to amend the charter of the city of Portland, although enacted by the legislative assembly itself in January, 1903. Further, Section 1 ($a$) of Article IV of the constitution provides that "the initiative and referendum powers reserved to the people by this constitution are hereby further reserved to the legal voters of every municipality and district, as to all local, special and municipal legislation, of every character, in or for their respective municipalities and districts." These constitutional provisions confer ample and exclusive power upon the people of every municipal corporation to regulate their own affairs respecting municipal legislation and procedure. The legislative assembly cannot pass laws to repeal or amend municipal charters, even by implication, respecting such matters. On those subjects the charter of the city of Portland is complete within itself, and is

subject only to the constitution and the criminal laws of the State. That charter does not provide for the appeal of any cause like the one under consideration beyond the circuit court of Multnomah County, and hence the appeal should be dismissed.

In reaching this conclusion we are not unmindful of the doctrine in *Straw* v. *Harris,* 54 Or. 424 (103 Pac. 777), which holds, in effect, that the State may not surrender its sovereignty to municipalities to the extent that it must be deemed to have perpetually lost control of them; but no question of State supremacy over its subordinate municipalities is here involved. The matters in dispute relate purely to the city's internal affairs over which it has supreme control by virtue of the constitutional amendments above quoted.

The appeal is dismissed.            DISMISSED.