## THE PEOPLE *v.* DONES.

APPEAL from the District Court of San Juan, Section 2.

No. 420.—Decided April 22, 1912.

CRIMINAL LAW—APPEAL—WHEN ORDER DENYING NEW TRIAL MAY REVIEWED.—
   In order that this court may consider whether a district court erred in

overruling a motion for a new trial in a criminal case it is necessary that the order denying the new trial be appealed from directly or excepted to in due form and included in the appeal from the judgment rendered in the same case.

ID.—NATURE OF APPEAL—DUTY OF APPELLANT.—An appeal is not a thing of rights but a statutory privilege, and whoever exercises the privilege must do so in the form specified by law, and it is incumbent upon him to do directly everything that will advance his own interests.

ID.—PRESUMPTION OF REGULARITY OF PROCEEDINGS OF COURT OF RECORD.—The regularity of the proceedings of a court of record is presumed until the contrary affirmatively appears.

The facts are stated in the opinion.

Mr. Luis Abella Blanco for appellant.

Mr. Charles E. Foote, fiscal, for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On October 28, 1911, Gerardo Dones was accused by the *fiscal* for the district of San Juan of the crime of manslaughter, committed as follows:

"The said Gerardo Dones, on or about October 14, 1911, in the municipality of Loíza, within the judicial district of San Juan, wilfully and unlawfully and in the heat of passion, killed Enrique Santiago by firing at him a revolver and inflicting upon him a wound which caused his death a few moments later."

The case having been tried by jury, a verdict of guilty was brought on January 19, 1912, and the court on January 23, 1912, after having denied a motion for a new trial, passed judgment imposing upon the defendant the punishment of five years in the penitentiary at hard labor. From that judgment the present appeal was taken.

No bill of exceptions nor statement of facts was filed. The appellant did not appear at the hearing of this appeal nor did he file a brief. The transcript of the record contains the following documents: Notice of appeal, complaint, motion for a new trial, instructions to the jury, verdict of the latter, judgment and sentence, and the certificate issued by the secretary of the district court.

In the motion for a new trial it is alleged that the court

committed several errors in overruling a demurrer filed by the defendant requesting his acquittal on the ground that the information was at variance with the evidence for the prosecution produced at the trial and in the instructions to the jury.

Owing to the manner in which the transcript was prepared we have no basis upon which to discuss on this appeal the questions raised in the motion for a new trial, since it fails to show whether the order denying the motion for a new trial was appealed from or excepted to in due form and included in the appeal from the judgment. Nor can we pass upon the question as to whether the district court erred in weighing the evidence for the purpose of deciding the aforesaid demurrer, because the appellant has not brought said evidence to this court; nor can we decide as to whether the court below erred in its instructions to the jury, because the only instructions appearing in the transcript are those presented in writing by counsel for the defendant for transmission by the judge to the jury.

It seems that there were other oral instructions which in accordance with law should have been incorporated by the secretary in the transcript of the record, and the question for us to decide is whether we should, of our own motion, request a copy of said instructions to the jury in order to determine whether the errors assigned were committed or whether, in view of the negligence of the appellant and the presumption which exists in favor of the regularity of the proceedings of a court of record until the contrary affirmatively appears (*Beatty* v. *State,* 113 Pac. Rep. Ann., 237), we should dispense with them and decide the case on what appears from the record.

An appeal is not a matter of right but a statutory privilege (*City of Portland* v. *Nottingham,* 58 Ore., 1), and whoever exercises that privilege is bound to do it in the form specified by law, and it is incumbent upon him to do everything that will advance his own interests.

From the mere allegation in the motion for a new trial that

errors were committed we cannot conclude that said errors existed. It is the duty of the appellant to show their existence, and if the transcript is not complete the Rules of this court show the manner of making such correction.

In view of the foregoing we believe that we are not authorized to investigate, of our own motion, whether other instructions besides those previously presented by the attorney for defendant were transmitted to the jury, and if so to decide, also of our own motion, that a copy of said instructions be incorporated in the transcript at this stage of the proceedings after the hearing of the appeal in order to consider them in connection with the motion for a new trial.

We have carefully examined the record as contained in the transcript, and it not appearing therefrom that a fundamental error has been committed we are of the opinion that the appeal should be denied and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.