## DOANE *v.* STEIN.

(169 Pac. 781.)

**Appeal and Error—Right of Appeal—Small Claims Actions.**

1. Since Laws of 1913, page 732, providing for District Courts, and Laws of 1915, page 517, providing for a "small claims department" in such courts, make no provision for appeal in such small claims actions beyond the Circuit Court, no appeal lies to the Supreme Court, the right of appeal being purely statutory.

From Multnomah: ROBERT G. MORROW, Judge.

On motion to dismiss.

Statement by MR. CHIEF JUSTICE McBRIDE.

This case was begun in September, 1915, in the small claims department of the District Court of Multnomah County for the recovery of the sum of $15. The plaintiff having recovered judgment, the defendant appealed to the Circuit Court, wherein a trial was had in July, 1916, resulting in a judgment for plaintiff for $15 and

costs and disbursements. Thereupon defendant prosecuted an appeal to this court. Plaintiff moves to dismiss the appeal.          MOTION ALLOWED.

*Mr. William La Force,* for the motion.

*Messrs. Wood, Montague & Hunt* and *Mr. Prescott W. Cookingham, contra.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. Chapter 355, Gen. Laws Or. 1913, provides for District Courts in all cities containing one hundred thousand or more inhabitants, and prescribes their jurisdiction. Chapter 327, Gen. Laws 1915, provides that wherever such District Courts shall have been established there shall be a department thereof known as the small claims department, which shall have jurisdiction, but not exclusive, in cases for the recovery of money where the amount claimed does not exceed $20.

The action is commenced by the plaintiff appearing and verifying the claim and paying a fee of seventy-five cents, whereupon the clerk issues summons directed to the defendant and requiring him to appear at a time therein specified, which shall not be less than five nor more than ten days after service of the notice, or upon failure to so appear judgment will be taken against him. No attorney or other person than the plaintiff or defendant is permitted to concern himself with the litigation without the permission of the judge, and the proceedings are wholly informal no pleadings being required, "with the sole object of dispensing speedy and quick justice between the litigants."

The judgment of the court is conclusive upon the plaintiff but it is provided that,

"if the defendant is dissatisfied he may within five days from the entry of such judgment against him, appeal to the Circuit Court of the county in which said court is located and if final judgment is rendered against him in such Circuit Court, then he shall pay in addition to said judgment the costs and attorney's fees to the plaintiff in the sum of Fifteen Dollars."

No provision is made in the act for any further appeal.

The right of appeal in this state is purely statutory and only exists where given by statute: *Town of La Fayette* v. *Clark*, 9 Or. 225. Actions in the small claims department of District Courts are *sui generis* and are not subject to the rules providing for appeals from Justices' Courts. The issues to be tried are purely oral and while the Circuit Court is permitted to require such further information as it may deem necessary for a proper reconsideration of the case, it is manifest that this court cannot pursue that course. We have nothing before us except the claim of the plaintiff and the findings of the Circuit Court, from which findings it would appear that plaintiff's demand was somewhat in the nature of a claim for money had and received.

It certainly was not in the legislative mind and contrary to its expressed intent to "dispense speedy and quick justice between the litigants" that these petty controversies wherein the issues are oral, should be prolonged by repeated appeals. It is in fact impossible to get the whole case here upon appeal, and an inspection of the record in this particular case indicates that in any event we should be compelled to affirm the judgment, should we assume jurisdiction.

The appeal will be dismissed.

MOTION ALLOWED.    APPEAL DISMISSED.