On motion to dismiss appeal filed November 10, 1922, appeal dismissed January 9, 1923.

## PORTLAND *v*. WHITE.

(211 Pac. 798.)

**Municipal Corporations—No Appeal Lies to Supreme Court from Conviction for Violation of City Ordinance.**

1. Where defendant was convicted in the municipal court for violation of a city ordinance and again convicted on appeal to the Circuit Court, no appeal would lie therefrom to the Supreme Court in the absence of statutory authority; validity of the ordinance, or a constitutional question not being involved.

Criminal Law—Right of Appeal is Purely Statutory.

2.   There is no common-law right of appeal, but the right is purely statutory.

Criminal Law—No Appeal Lies from Decree of Inferior Court Exercising a Particular Jurisdiction.

3.   Where a particular jurisdiction is conferred upon an inferior court, its decision when acting within its jurisdiction is final unless provision is made for appeal therefrom.

Municipal Corporations — Circuit Court Held Purely a Court of Appeals as to the Municipal Court, and not to Acquire Original Jurisdiction as Relates to Further Appeal.

4.   Charter of City of Portland, Section 336, giving an appeal to the Circuit Court to one convicted under city ordinance, constitutes the Circuit Court a municipal court of appeals in such cases, and though trial is *de novo* it acquires no original jurisdiction as concerns any right of further appeal.

Municipal Corporations—Statutory Provisions as to Appeals in Criminal Actions Held not Applicable to Offenses Against City Law.

5.   Sections 1603–1633, Or. L., relating to appeals in criminal cases, are not applicable to offenses against city ordinances, such offenses being usually denominated *quasi*-criminal, and there is no statutory or charter provision authorizing an appeal to the Supreme Court in such cases.

Criminal Law—Supreme Court has No Right to Review Judgment of Circuit Court Where Right of Appeal is to Circuit Court.

6.   Where a statute or a charter gives the right of appeal to the Circuit Court, the Supreme Court does not by virtue of the provisions of the Constitution thereby become clothed with authority to review the judgment thereof by appeal.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

For the motion, *Mr. Frank S. Grant,* City Attorney, and *Mr. R. A. Imlay,* Deputy City Attorney.

*Contra, Mr. Paul M. Long* and *Mr. Morris A. Goldstein.*

BEAN, J.—Defendant was convicted in the Municipal Court of the City of Portland of a violation of Section 23¼ of Ordinance No. 32928 of the city. Upon an appeal to the Circuit Court a trial was had with a like result.   Defendant was sentenced to serve

fifty-eight days in the city jail of Portland. From the judgment of the Circuit Court defendant prosecutes this appeal.

The plaintiff city moves to dismiss the appeal for the reason that this court has no jurisdiction to entertain the same. No brief has been filed on behalf of defendant, although the time therefor has been extended and has expired.

1. It should be noticed at the outset that in this case we have to deal with the violation of a city ordinance passed for municipal regulations. It is not a matter over which the Circuit Court exercises jurisdiction independently of the Constitution and statutes of the state. No constitutional right is involved. The validity of the ordinance is not in question: See *In re N. P. Pres. Board of Missions* v. *Ah Wan,* 18 Or. 339, 345 (22 Pac. 1105).

2. There is no common-law right of appeal. The right is purely statutory: *La Fayette* v. *Clark,* 9 Or. 225; *Barton* v. *La Grande,* 17 Or. 577, 581 (22 Pac. 111); *School Dist.* v. *Irwin,* 34 Or. 431, 435 (56 Pac. 413); *Portland* v. *Gaston,* 38 Or. 53 (63 Pac. 1051).

3. It seems to be the general rule that the right to review proceedings for the violation of a municipal ordinance by appeal exists only when authorized by law. The principle is firmly established that, when a particular jurisdiction is conferred upon an inferior court, its decision, when acting within its jurisdiction is final, unless provision is made for an appeal from such decision. In most jurisdictions provision has been made for review by appeal, and the scope and extent of this right must be determined by the law controlling it: 3 McQuillin on Municipal Corporations, § 1092. This means that a statute conferring the right of appeal from the Municipal Court to the

Circuit Court, limits such right of appeal to the latter court only.

As said by Mr. Justice BURNETT in *City of Portland* v. *Nottingham,* 58 Or. 1 (112 Pac. 28), "An appeal is not a matter of primary right. It is a privilege, and he who would enjoy that privilege must show some statute conferring it upon him."

We read in 3 C. J., page 375, Section 133:

"It is a well-settled rule in most jurisdictions that where a tribunal exercises a special, limited jurisdiction, conferred by statute, and in which the procedure is not according to the course of the common law, no appeal or writ of error lies from or to its action therein, unless such appeal is expressly provided by statute. But in some jurisdictions the courts have, without any special statutory authority, allowed appeals in such cases."

4. Section 336 of the legislative charter of 1903, of the City of Portland, which we shall assume without deciding, to be retained in full force as a charter ordinance in the municipal charter of 1913, provides, that

"any defendant who is convicted of any crime defined or created by this Charter, or of a violation of any ordinance, rule or regulation of the City of Portland, and is sentenced to any imprisonment or to pay a fine exceeding twenty dollars, may, within five days from the date of such conviction and judgment, appeal to the Circuit Court of Multnomah County * * ."

This section relates only to appeals from the Municipal Court to the Circuit Court. It does not change the character of the offense committed, although under the Code procedure provided for Justices' Courts adopted by this section, the trial in the Circuit Court is a trial *de novo.* The charter in effect constitutes the Circuit Court a part of the machinery of the city for the purpose of law enforce-

ment. The Circuit Court does not acquire original jurisdiction, but is to all intents and purposes a Municipal Court of Appeals: *In re Goldsmith,* 12 Or. 414 (7 Pac. 97, 9 Pac. 565); *Portland* v. *Yick,* 44 Or. 439, 445 (75 Pac. 706, 102 Am. St. Rep. 633); *Mayhew* v. *City of Eugene,* 56 Or. 102 (104 Pac. 727, Ann. Cas. 1912C, 33); *City of Portland* v. *Nottingham,* 58 Or. 1 (112 Pac. 28).

5. The violation of a municipal ordinance is not necessarily a crime. It is, we think, usually denominated in this state as a *quasi*-criminal offense: *Wong* v. *Astoria,* 13 Or. 538 (11 Pac. 295); *Cranor* v. *Albany,* 43 Or. 144 (71 Pac. 1042); *State* v. *Crawford,* 58 Or. 116 (113 Pac. 440, Ann. Cas. 1913A, 325); *Triphonoff* v. *Sweeney,* 65 Or. 299 (130 Pac. 979).

Therefore it follows that Chapter XII, Title XVIII, of the Code relating to appeals in criminal actions is not applicable to offenses against the city law. There is no statutory or charter provision authorizing such appeal: Section 1603 et seq., Or. L.; Section 336 of Charter Ordinances of the City of Portland.

The provisions of Section 1604, Or. L., are as follows:

"The party aggrieved, whether the state or the defendant, may appeal from a judgment in a criminal action in the cases prescribed in this chapter and not otherwise."

Section 1606, Or. L. reads:

. "Defendant may Appeal, in What Case. An appeal to the supreme court may be taken by the defendant from a judgment on a conviction in a circuit court, or from an order refusing to dismiss the indictments as provided for in section 1701; and upon an appeal, any actual decision of the court, in an intermediate order of proceeding forming a part of

the judgment-roll, as prescribed in section 1582, may be reviewed.''

Section 1604 limits the right of appeal under this chapter to an appeal from a judgment in criminal actions and it is evident that the language of Section 1606, granting the right of appeal ''from a judgment on a conviction in a Circuit Court,'' refers to a conviction in a *criminal action*. This construction is fully borne out by the further provisions of Chapter XII relating to the taking of appeals. Section 1611 provides for service of notice of appeal on the district attorney. That official is not vested by law with jurisdiction in the prosecution of offenses against the city, nor does he acquire such jurisdiction by reason of appeal to the Circuit Court.

6. Where a statute or a charter gives the right of appeal to the Circuit Court, the Supreme Court does not by virtue of the provisions of the Constitution thereby become clothed with authority to review the judgment thereof by way of appeal.

In the case of *Kadderly* v. *Portland*, 44 Or. 118 (74 Pac. 710, 75 Pac. 222), the court said:

''There is no common-law right of appeal. The right is wholly statutory unless expressly secured by the constitution. The Constitution of Oregon, Article VII, sec. 9, does not guarantee a right of appeal from every finding by an inferior court or tribunal. While this section confers upon the circuit courts appellate jurisdiction, it leaves the regulation of the mode of proceedings on an appeal and the limitation of the cases wherein an appeal may be taken to be provided by statute. Whenever the legislature determines its question, and fixes the rule in any particular case, the question is thereby settled whether or not the right to prosecute an appeal exists. The supervisory control conferred upon the circuit courts is exercised in this case, as it is in

the case of all other inferior tribunals and courts, by writs of review, mandamus, injunction, etc., and in fact it is this right of supervisory control which plaintiffs are now invoking in this case.''

The principle involved in the present case is thoroughly discussed in the case of *Smith Securities Co.* v. *Multnomah County,* 98 Or. 418 (192 Pac. 654, 194 Pac. 428). The same principle was applied in *Wong Sing* v. *Independence,* 47 Or. 231 (83 Pac. 387), in discussing the right of appeal from the Municipal Court to the Circuit Court. See also *Doane* v. *Stein,* 87 Or. 97 (169 Pac. 781); and *State ex rel.* v. *Yates,* 104 Or. 667 (209 Pac. 231).

In *Portland* v. *Nottingham,* 58 Or. 1 (112 Pac. 28), and also in the case of *Portland* v. *Gaston,* 38 Or. 533 (63 Pac. 105), it was held that where the charter provides for an appeal to the Circuit Court of the State of Oregon for Multnomah County, from the action of the city council in fixing an assessment, and does not provide for an appeal to the Supreme Court, the right does not exist. We quote from the language of the court in the opinion in *Portland* v. *Nottingham,* 58 Or., at page 6 (113 Pac. 30):

''That charter does not provide for the appeal of any cause like the one under consideration beyond the Circuit Court of Multnomah County, and hence the appeal should be dismissed.''

It is unnecessary for us to comment upon what the right of the defendant would have been, if the proceeding in the Municipal Court had been reviewed by the Circuit Court upon a writ of review.

No provision has been pointed out and we find none in the charter of the City of Portland, or in the statute, authorizing an appeal from the Circuit Court to this court in the case at bar. Therefore, the appeal is dismissed.        DISMISSED.