### BENSON v. BALL, Sheriff.

No. 25891. April 2, 1935.

W. W. Pryor and Hugh M. Sandlin, for plaintiff in error.

Dolman, Dyer & Dolman and Turner & Lucas, for defendant in error.

PHELPS, J. This appeal necessitates consideration of two lawsuits, and is prosecuted by the plaintiff in the second action, who was defendant in the first action; hence, to avoid confusion, the parties will be referred to by their names, and the facts recited chronologically:

On December 19, 1929, G. L. Benson was engaged in selling stock of a domestic insurance company, $2,000 worth of which he sold Eugene Woerz and Paul Woerz, who paid him the $2,000, the consideration for the stock, and he executed his promise in writing as follows:

"In consideration of the purchase of one hundred shares of stock of the Oklahoma Southern Life Ins. Co. for $2,000 by Eugene and Paul Woerz, we, the undersigned, do agree that in the event that the said Eugene and Paul Woerz shall be dissatisfied with this investment on Dec. 19,1933, that we will on that date, if requested to do so, refund their money and take an assignment of the 100 shares of stock, and will in addition to the refund of their money will pay interest thereon in the event that the investment has not paid a reasonable interest, a reasonable rate is considered herein to be eight per cent. Signed this 19th day of Dec., 1929. G. L. Benson. * * *"

Prior to December 19, 1933, and also on that date, the stock having paid no interest and the Woerz brothers having received no other return on their investment, they notified the defendant thereof in writing, wherein they expressed their dissatisfaction with the investment, demanded that Benson refund the $2,000 with interest as agreed, and tendered an assignment of the stock. The demand was refused. Woerz brothers filed petition in the district court of Oklahoma county, setting forth the foregoing facts, appending copy of the above written agreement and praying for judgment against Benson (and also his cosigner) for $2,000, together with interest from December 19, 1929,

Benson filed answer consisting of general denial, the issues were tried and resulted in a judgment for the amount prayed for, and the further order of the court that the certificate of stock be delivered by the Woerzs to the clerk of the court and be by him delivered to Benson upon demand therefor. Benson did not appeal, and the judgment became final.

Thereafter, the Woerz brothers caused an execution to be issued on their judgment, and directed an order of sale to the sheriff of Hughes county, against certain land owned in that county by Benson. This brings us to the second lawsuit, from the result of which this appeal is prosecuted.

When the sheriff of Hughes county published his notice of sale, Benson filed an action in the district court of Hughes county, against said sheriff, praying issuance of a restraining order and permanent injunction against conducting the contemplated sale. The grounds alleged for said injunction were that the Oklahoma county district court judgment was void and hence no lawful execution could be based thereon, because, as stated in the petition:

"The reason why said judgment is null and void is, that the judgment roll shows by the petition filed in said cause that it was an attempt on the part of the plaintiff to enforce specific action on a written memorandum attached to said petition as shown by the judgment roll, wherein, in truth and in fact the law will only permit an action for damages on a breach of promise of such a contract and the measure of damage would be regulated by the law in such cases made and provided. The said judgment roll shows that the petition did not state a cause of action and the court had no jurisdiction in said cause and no right, power or authority to render any judgment whatever, and said attempted judgment is a nullity. That this plaintiff has no plain, speedy, or adequate remedy at law and will suffer irreparable damage unless the sheriff is restrained and enjoined from proceeding further under said execution and notice of sale."

To this petition the defendant sheriff filed his demurrer, which was sustained, and Benson (plaintiff) appeals, basing said appeal on the argument advanced above, and contending "that an action for specific performance of a contract involving personal property cannot be maintained and the only remedy is an action for damage."

It is unnecessary for us to dispose of this appeal on the ground that this action was a collateral attack on the judgment of the Oklahoma county district court, and that

question is not considered, due to the fact that appellant's argument fails of its own weakness.

We go directly to the petition filed by the Woerz brothers in the first suit: Was it an action for specific performance? If so, then any action on an ordinary promissory note, wherein plaintiff asks judgment for the amount due, is "an action for specific performance." The petition simply sets forth, in plain and concise language, a statement of the facts constituting the cause of action. The prayer was for a money judgment, not that the defendant be ordered to **pay** the money, nor even the judgment. The petition did not seek to compel the defendant to perform; it proceeded on the theory that he had not performed and would not perform; it surrendered the hope of actual performance, the expectation that defendant would voluntarily pay, and manifested the desire to substitute therefor a money judgment. Plaintiffs relied on their own execution of their judgment, if and when they should obtain one, which is not at all synonymous with a prayer that defendant be ordered by the court to pay. Whether a suit is one for specific performance depends largely on the nature of the relief asked. 58 C. J. 848. If plaintiff prays primarily for money damages, as distinguished from money damages only as an alternate relief, he thereby admits that he has an adequate remedy at law and is not seeking the aid of equity jurisdiction. Only equity could enforce specific performance.

The instrument here sued on was a contract for the payment of money, even though the obligation to pay was conditional, and the condition had happened. We must distinguish between compulsory enforcement of a promise by ordering the promisor to personally do or refrain from doing a certain act, on the one hand, and the awarding of compensation to the promisee because of the promisor's failure to perform, on the other hand. Not only are they different in themselves, but their consequences frequently are far different. Even the great Lord Mansfield is said to have become confused over this question: We quote from Fry on Specific Performance (6th Ed.) p. 7:

"Lord Mansfield, C. J., has remarked that 'pecuniary damages upon a contract for payment of money are, from the nature of the thing, a specific performance.' But the remark seems hardly strictly accurate. No doubt the sum agreed to be paid will be the measure of damages, and the amount paid will be the same whether the contract be performed or broken. But in the former case the money is paid in performance of the contract; in the latter case it is paid as satisfaction for its nonperformance. It is evident that the consequences of the two payments would therefore be different."

It is not indicated whether the stock which Benson sold the Woerz brothers belonged to him and his partner, or whether it was the insurance company's property. But in Oklahoma Natural Gas Corporation v. Douglas, 170 Okla. 284, 39 P. (2d) 578, an analogous case wherein the company had knowledge of such an arrangement, we held that the seller's promise to repay to the buyer the money which said buyer had paid for the stock, at the buyer's option, was sufficient to sustain a money judgment in favor of the buyer for the amount of the purchase price, with interest. In that case we said:

"By the overwhelming weight of authority it is held that contracts of this nature are valid and will be enforced by the courts, where the seller refuses to carry out the agreement to repurchase. * * * In some cases it is held that the rights of the parties are fixed and determined by the contract entered into, and, although the actions are not treated as actions for specific performance, it is held that the parties are entitled to be placed in the same position as if the contract had been faithfully performed."

If it be argued that it was incumbent upon the Woerz brothers to mitigate their damages by selling the stock and looking to Benson for the difference between the sale price and the $2,000, then the answer, among many other answers, is that the contract provided that they should assign the stock to Benson and his partner. Oklahoma Natural Gas Corp. v. Douglas, supra.

The district court of Hughes county was correct in concluding that the petition failed to state facts or reasons showing the Oklahoma county judgment void, and therefore correct in sustaining the demurrer. The judgment is affirmed and the petition dismissed.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.