Submitted on motion to dismiss appeal September 15; appeal
dismissed September 22, 1942

## CITY OF PORTLAND *v.* McSPARRAN

(129 P. (2d) 65)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*C. D. Etling* and *H. C. Barber*, both of Portland, for appellant.

*Lyman E. Latourette*, of Portland, for respondent.

KELLY, C. J.   Plaintiff has interposed a motion to dismiss this appeal.   The case arises because of an alleged violation of a municipal ordinance of the City of Portland.   It was instituted in the municipal court of said city, wherein a conviction was had.   An appeal was taken to the circuit court of the state of Oregon for Multnomah county.   The case was tried in the circuit court and a conviction resulted.

The basis, upon which plaintiff's motion to dismiss rests, is that unless there is a provision for an appeal from judgments of a municipal court in the charter of the municipality, or in the general laws of the state, no appeal lies; and where an appeal to the circuit court is granted by legislative enactment, the circuit court does not acquire original jurisdiction, but is to all intents and purposes a municipal court of appeals.

This principle was recognized in *Sellers v. City of Corvallis*, 5 Or. 273, where it was held that a provision in the city charter, to the effect that the law governing justices of the peace shall apply as far as practicable to all of the city recorder's proceedings authorized on appeal as from a justice's court.

Recognition of the principle is found in *Town of La Fayette v. Clark*, 9 Or. 225, where it was held that a charter provision making the city recorder ex-officio justice of the peace did not grant a right of appeal.

The following cases also recognize the rule: *City of Corvallis v. Stock*, 12 Or. 391, 7 P. 524; *Barton v. La Grande*, 17 Or. 577, 22 P. 111; *Cunningham v. Berry*,

17 Or. 622, 22 P. 115; *Portland v. White,* 106 Or. 169, 211 P. 798, and cases therein cited.

It is argued that a constitutional question is involved and hence an appeal to this court may be had.

It is true that in *Portland v. White,* supra, no constitutional question was under consideration and it is so stated in the opinion; but it is not said therein that if a constitutional question were involved, there would be a right of appeal. If such a statement had been made in that case, it would have been dictum.

The case of *Cook v. City of Portland,* 35 Or. 383, 58 P. 353, did not involve the question under consideration here. It was a case instituted in the circuit court and appealed to the supreme court. The opinion holds that where the question of the alleged unconstitutionality of certain provisions of the Portland charter was not presented to the trial court and no allegation was made in the complaint attacking the assessment in suit on that ground, the question was not properly before the appellate court.

We find no authority either in the general statute or in the Portland charter for an appeal to the supreme court from the judgment of the circuit court rendered upon appeal from the municipal court.

It is true that in 1927 the legislative assembly passed an act containing the following final phrase: "and in all such cases an appeal may likewise be taken from the judgment or final order of the circuit court to the supreme court in the same manner as other appeals are taken from the circuit court to the supreme court in other criminal cases." General Laws of Oregon, 1927, p. 109, ch. 114.

■ In 1929, this enactment was amended in a way not pertinent here and by striking therefrom the lan-

guage last above quoted. General Laws of Oregon, 1929, p. 205, ch. 196. This amendment clearly manifests legislative intention to prevent an appeal to the supreme court in cases such as the instant case.

■ For these reasons, we hold that the appeal herein should be dismissed.

Where any title, right, privilege or immunity is specially set up or claimed by either party under the constitution, the supreme court of the United States may by certiorari require that there be certified to it for review and determination the record of any cause wherein a final judgment or decree has been rendered or passed by the highest court of a state in which a decision could be had. Section 344, Title 28, Judicial Code, 8 F. C. A., p. 44, U. S. C. A., p. 205.

■ In the instant case, the circuit court is the highest state court in which a final decision could be had, and hence, the right of review above mentioned is not affected by the dismissal of this appeal. See authorities cited in annotations to said section 344 of the United States Judicial Code.

Appeal dismissed.