Motion to dismiss appeal filed October 11, sustained
November 17, 1954

# CITY OF SALEM *v.* POLANSKI

276 P2d 407

*Chris J. Kowitz,* City Attorney, and *Thomas W. Churchill,* Assistant City Attorney, of Salem, for the motion.

*Charles W. Creighton, Jr.,* of Salem, contra.

TOOZE, J.

The plaintiff-respondent has filed a motion to dismiss defendant's appeal to this court.

Defendant was charged with driving a motor vehicle while under the influence of intoxicating liquor on

March 22, 1953, within the corporate limits of the city of Salem, Oregon, contrary to the provisions of § 31, of ordinance No. 3401, of said city. A jury trial in the municipal court of the city of Salem on May 28, 1953, resulted in a verdict of guilty. Pursuant to the verdict, the municipal court entered its judgment and sentence against defendant. Defendant appealed the case to the circuit court for Marion county, and a jury trial was had therein in December, 1953, resulting in a verdict of guilty. The circuit court entered its judgment and sentence pursuant to said verdict. Defendant now seeks an appeal to this court from the judgment of the circuit court. No question as to the validity or constitutionality of any charter or ordinance provision has been raised in the bill of exceptions filed in this court. By its motion to dismiss the appeal, plaintiff challenges the jurisdiction of this court to entertain such appeal.

In *Portland v. Duntley,* 185 Or 365, 371, 203 P2d 640, Chief Justice LUSK, in writing the opinion of the court, stated:

> "Except for that limited class of cases in which the Supreme Court exercises original jurisdiction, this is an appellate court deriving its jurisdiction from the statutes. They are the sole source of appellate jurisdiction."

We must look, therefore, to the statutes of this state in determining the question whether under the circumstances existing in the instant case an appeal lies to this court from the circuit court's final judgment.

We had before us in 1923 the question as to the right of appeal to this court from a circuit court in a case involving a conviction for violation of a city ordinance of the city of Portland. The conviction and judgment in the municipal court had been appealed to the circuit court of Multnomah county. The city charter

authorized appeals to the circuit court of Multnomah county in all cases where a defendant was sentenced to any imprisonment or to pay a fine exceeding $20 upon conviction for a violation of a city ordinance. Under the law such cases are tried de novo in the circuit court. Upon conviction and sentence in the circuit court, defendant sought to appeal to this court. At the time no statute of the state provided for an appeal to the Supreme Court from such a judgment. We dismissed the appeal on the ground that there was no common-law right of appeal, and that no statute of the state authorized such an appeal. *Portland v. White,* 106 Or 169, 211 P 798.

In 1927 the legislature adopted an act which provided for appeals to the Supreme Court in all cases where an appeal was authorized and had been taken from a municipal court to a circuit court for violation of a municipal ordinance: ch 114, Oregon Laws 1927.

The legislature in 1929 amended ch 114, Oregon Laws 1927, and in such amended statute the provision for appeal to the Supreme Court was entirely eliminated: ch 196, Oregon Laws 1929. This act became § 95-2802, OCLA.

In 1942 in dismissing an appeal to this court in the case of *City of Portland v. McSparran,* 169 Or 377, 379, 129 P2d 65, we discussed the effect of the Act of 1929. We said:

"We find no authority either in the general statute or in the Portland charter for an appeal to the supreme court from the judgment of the circuit court rendered upon appeal from the municipal court.

"It is true that in 1927 the legislative assembly passed an act containing the following final phrase: 'and in all such cases an appeal may likewise be taken from the judgment or final order of the cir-

cuit court to the supreme court in the same manner as other appeals are taken from the circuit court to the supreme court in other criminal cases.' General Laws of Oregon, 1927, p. 109, ch. 114.

"In 1929, this enactment was amended in a way not pertinent here and by striking therefrom the language last above quoted. General Laws of Oregon, 1929, p. 205, ch. 196. This amendment clearly manifests legislative intention to prevent an appeal to the supreme court in cases such as the instant case."

In 1943 § 95-2802, OCLA (ch 196, Oregon Laws 1929), was amended: ch 277, Oregon Laws 1943. The amended Act provided:

"Whenever any person shall be convicted in the municipal court of any city of the state of Oregon of any offense defined and made punishable by any city charter or ordinance, unless the charter of such city prohibits appeals from such court, such person shall have the same right of appeal to the circuit court of the state of Oregon within whose jurisdiction such city lies as now obtains from a conviction from courts of justice of the peace, which appeal shall be taken and perfected in the same manner as is provided by law for taking appeals from justice courts; provided, however, that in all such cases involving the constitutionality of the charter provision or ordinance under which the conviction was obtained, such person shall have the right of appeal to the circuit court of the state of Oregon in the manner hereinabove provided, regardless of any charter provision or ordinance prohibiting appeals from such court because of the amount of the penalty or otherwise, and an appeal may likewise be taken in such cases from the judgment or final order of the circuit court to the supreme court of the state of Oregon in the same manner as other appeals are taken from the circuit court to the supreme court in other criminal cases; provided further, that where the right of appeal in such cases depends

upon there being involved an issue as to the constitutionality of the charter provision or ordinance, the decision of the appellate court shall be upon such constitutional issue only.''

In 1947 § 95-2802, OCLA, as amended by ch 277, Oregon Laws 1943, was again amended: ch 462, Oregon Laws 1947. No change was made in the Act as adopted in 1943, except the addition of a paragraph thereto which dealt with matters not material to the problem before us.

Section 95-2802, OCLA, as amended, was again, and for the last time, amended in 1949: ch 121, Oregon Laws 1949. As so amended in 1949, the Act reads as follows:

''Whenever any person shall be convicted in the municipal court of any city of the state of Oregon of any offense defined and made punishable by any city charter or ordinance, unless the charter of such city prohibits appeals from such court, such person shall have the same right of appeal to the circuit court of the state of Oregon within whose jurisdiction such city has its legal situs and maintains its seat of city government as now obtains from a conviction from courts of justice of the peace, which appeal shall be taken and perfected in the same manner as is provided by law for taking appeals from justice courts; provided, however, that in all such cases involving the constitutionality of the charter provision or ordinance under which the conviction was obtained, such person shall have the right of appeal to the circuit court of the state of Oregon in the manner hereinabove provided, regardless of any charter provision or ordinance prohibiting appeals from such court because of the amount of the penalty or otherwise, and an appeal may likewise be taken in such cases from the judgment or final order of the circuit court to the supreme court of the state of Oregon in the same manner as other appeals are taken from the circuit

court to the supreme court in other criminal cases; provided, further, that where the right of appeal in such cases depends upon there being involved an issue as to the constitutionality of the charter provision or ordinance, the decision of the appellate court shall be upon such constitutional issue only.

"Whenever the validity of a charter or ordinance provision of any city or town of the state of Oregon comes in issue in a trial for violation of charter or ordinance provision, the trial judge shall determine such issue of validity and make a decision and order thereon before making any decision as to the facts in the particular case. From an order declaring such charter or ordinance provision invalid, such city or town may appeal from the municipal or recorder's court to the circuit court of the county in which such city or town has its legal situs and maintains its seat of city government, and, from such order by a circuit court, may appeal to the supreme court, in the same manner as appeals are taken in criminal cases to such courts. Upon the order of the appellate court upon such issue the case shall be remanded with direction. If a city or town appeals as above provided, pending the appellate decision thereon, the defendant shall be released, with or without bond, for reappearance at the discretion of the trial court, until such time as the case is remanded."

In ORS the above statute has been subdivided into four separate sections: ORS 221.350, 221.360, 221.370, and 221.380. However, no change is made in the substance of the Act of 1949.

By specifically providing for appeals to the Supreme Court in cases involving constitutional questions, but omitting to make similar provision for the appeal of other municipal court cases involving violations of city ordinances (except to the circuit court), the legislature clearly indicated its intention that ap-

peals to the Supreme Court from the judgment of the circuit court in the latter type of cases should not be permitted. The history of this legislation as above set forth also compels this conclusion. The judgment of the circuit court is final.

We hold, therefore, that there can be no appeal from the circuit court to the Supreme Court in cases involving ordinance violations, arising in the municipal court and appealed to the circuit court, excepting only where constitutional questions are involved. The motion to dismiss the appeal is sustained.

The appeal is dismissed.