Argued and submitted July 31, 2014, petition for judicial review dismissed
May 6, petition for review denied October 22, 2015 (358 Or 146)

ROBERT WAYNE STEVENSON,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A151942

349 P3d 602

Marc D. Brown, Deputy Public Defender, argued the cause for petitioner. On the opening brief were Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services. With him on the reply brief was Peter Gartlan, Chief Defender.

Ryan Kahn, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before DeVore, Presiding Judge, and Ortega, Judge, and Garrett, Judge.*

GARRETT, J.

_____
* Ortega, J., *vice* Haselton, C. J.

## GARRETT, J.

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision (the board), in which the board denied his request for a periodic review hearing. In its 2012 order, the board construed petitioner's request for periodic review as a request to reopen and reconsider a previous decision of the board, and it denied that request. In the alternative, the board construed petitioner's request as a new request for an early parole consideration hearing and denied that request also. In his request for judicial review, petitioner challenges the board's denial of his request for periodic review. He does not challenge the board's denial of his request for an early parole consideration hearing.

The board contends that petitioner's request for judicial review is improper because the board's denial of petitioner's request to reopen and reconsider a previous board action was not a "final order" that is subject to judicial review under ORS 144.335(1). Petitioner disagrees with the board's characterization of his request; he contends that he did not ask the board to reopen and reconsider any previous decision, but, rather, sought a different form of relief. As explained below, we agree with the board's view of the record in this case and conclude that petitioner's request to the board was properly understood as a request for reconsideration, even if petitioner did not label it as such. For that reason, we conclude that the board's 2012 order was not a final order subject to judicial review, that we therefore lack jurisdiction, and that the request for judicial review must be dismissed.

Petitioner is serving sentences totaling 105 years for violent crimes that he committed in 1983. At his sentencing in 1985, petitioner was designated a dangerous offender under ORS 161.725 (1983). At a 1986 prison-term hearing, the board denied parole and set petitioner's parole date for February 24, 2090.

In 2008, petitioner sent a letter to the board that stated, in relevant part:

"I am writing to request that your office schedule me for a parole consideration hearing in relation to the dangerous

offender sentences that I am currently serving. Please schedule me for a Parole consideration hearing concerning the dangerous offender sentences I received in Multnomah County Circuit Court Case NO. C85-03-31060 as soon as possible."

A week later, the board replied to petitioner's request in Board Action Form (BAF) 3, which stated the following:

"Board notes letter from inmate indicating that he feels that he is no longer a danger to the community and requesting an Early Parole Consideration hearing. [Petitioner's] 1 page letter dated January 9, 2008, was insufficient to establish reasonable cause for the Board to believe that he is no longer dangerous or that necessary supervision and treatment are available. Early Parole Consideration hearing request denied. Parole Consideration hearing should remain 2/24/2090."

Petitioner requested administrative review of BAF 3. Petitioner's request is not in the record. In Administrative Review Response (ARR) 1, the board responded, in relevant part, as follows:

"In your administrative review request, you assert that the Board misunderstood the request that was the subject of BAF #3, and that you were asking for a parole consideration hearing that you allege the Board is required to hold under ORS 144.228[(1)](b),[1] and OAR 255-40-005(4) (1982). The Board does not find your claim that the Board misconstrued your letter persuasive. The Board finds that it properly construed the request as a request for an early

---

[1] ORS 144.228 (1981), provided:

"(1)(a) Within six months after commitment to the custody of the Corrections Division of any person sentenced under ORS 161.725 and 161.735 as a dangerous offender, the State Board of Parole shall set a date for a parole consideration hearing instead of an initial release date as otherwise required under ORS 144.125 and 144.210. The parole consideration hearing date shall be the earliest time the prisoner is eligible for parole under the board's rules.

"(b) At the parole consideration hearing, the prisoner shall be given a release date in accordance with the applicable range and variation permitted if the condition which made the prisoner dangerous is absent or in remission. In the event that the dangerous condition is found to be present, reviews will be conducted at least once every two years until the condition is absent or in remission, at which time release on parole shall be ordered if the prisoner is otherwise eligible under the rules. In no event shall the prisoner be held beyond the maximum sentence less good time credits imposed by the court."

parole consideration hearing because 2008 is well short of 2090.

"Next, you appear to allege that the Board must review your case every two years from the inception of your incarceration. As an initial matter, the Board notes that section 4 of OAR 255-40-005, which you cite, was effective February 1, 1979, and was repealed effective May 19, 1982, and therefore that rule is not applicable to your case and will not be discussed here.

"Next, the Board directs your attention to the statute you cite, ORS 144.228[(1)](b) (1981), which contrary to your apparent allegation, requires only that the Board set a date for a parole consideration hearing, at 'the earliest time the prisoner is eligible for parole under the Board's rules.' You have failed to establish that the two-year review period provided for under ORS 144.228 (1981) begins now, or began in the past, considering that you received no votes to override your minimum term of 105 years. At the very least, your minimum sentences were upheld and 2090 is the earliest you are eligible for a parole consideration hearing.

"RELIEF DENIED."

Petitioner sought review of the board's order in ARR 1 but later dismissed that request for judicial review (case A141840).

On June 15, 2011, petitioner sent the following request to the board:

"I wish to make a request to the Parole Board for a reconsider hearing on my sentencing structure.

"It has been more than 25 years since my last psychological evaluation, and I believe that if one were given to me now, the Parole Board would find that I have no desire to be a destructive person in any manner; whether criminally, or mentally.

"* * * * *

"Since 1986, the Parole Board has failed to give, or even offer, a psychological evaluation to see if I still have a propensity towards criminal activity; to see if the antipersonality disorder is in remission. And so the Parole Board has failed to schedule reviews as stipulated under Chapter 255,

Division 38—BOARD OF PAROLE: under OAR 255-38-005(1); which says in part:

"'If the condition (e.g., psychiatric or psychological diagnosis of a present severe emotional disturbance, such as a severe personality disorder indicating a propensity towards criminal activity) is still present, reviews will be scheduled at least every two (2) years thereafter.'

"And under Division 40 'Reviews; Scheduling Personal Reviews (August 1982)', OAR 255-40-005 (1) says:

"'Periodic reviews' shall, be conducted after the prisoner has served five (5) years of his prison term and every three (3) years thereafter, starting with the date the prisoner's sentence begins to run except Dangerous Offenders, which have periodic reviews every two (2) years.

"*** The Parole Board in 1986 *** recognized these OARs and did set a reschedule hearing date at five (5) years. The review hearing was set for April 1990, and this information is on the 'Oregon Board of Parole- board action form' dated April 9th 1986."

(Underscoring in original.)

The board responded to petitioner's 2011 request in ARR 2, which stated, in relevant part, as follows:

"RESPONSE TO REQUEST TO REOPEN:   In your letter you ask that the Board reopen and reconsider a decision made in a past Board order. Generously read, you appear to allege that the Board has failed to take into account your institutional programming, and has failed to obtain a psychological evaluation to determine if you continue to remain a danger. The Board has reviewed and fully evaluated your request. The arguments you have provided, however, do not warrant reopening and reconsidering your case. Interests of administrative efficiency and finality of Board orders militate against reopening and reconsidering a final Board order based on issues that could have been raised through established procedures for administrative review. You could have raised your arguments in your timely request for administrative review of BAF #3, to which you received a response in Administrative Review Response #1, dated February 5, 2009. Therefore, based on the information that you have provided the Board in your request, the Board denies your request to reopen and reconsider its previous orders.

"RESPONSE TO REQUEST FOR EARLY PAROLE CONSIDERATION: To the extent that your letter intends to ask for an early parole consideration hearing, the Board concludes that the information you provided was insufficient to establish reasonable cause to believe that you are no longer dangerous, or that necessary supervision and treatment are available in the community. As a result of this finding, the Board declines to hold an early parole consideration hearing. The Board notes that you have previously raised the claim that the Board must review your case every two years from the inception of your incarceration, and that you received a response in ARR #1, for which you received review in the Court of Appeals, case number A141840. Therefore, the Board declines to consider this issue further.

"REQUEST TO REOPEN AND RECONSIDER DENIED.

"REQUEST FOR EARLY PAROLE CONSIDERATION HEARING DENIED."

Petitioner seeks review of the board's decision in ARR 2, arguing that the board erred when it declined to grant petitioner a periodic review hearing. Petitioner contends that he is entitled to periodic review hearings every three years pursuant to OAR 255-40-005(1), which provides, in part, that "[p]eriodic reviews shall be conducted after the prisoner has served five years of his prison term and every three years thereafter, starting with the date the prisoner's sentence begins to run."

The board moved to dismiss the petition for judicial review on the ground that petitioner is not contesting a "final order" of the board. *See* ORS 144.335 ("A person over whom the State Board of Parole and Post-Prison Supervision exercises its jurisdiction may seek judicial review of a final order of the board[.]"). The board argued that petitioner's 2011 request to the board is properly understood as a request to reopen and reconsider a previous decision, and that the board's denial of that request in ARR 2 was not a final order in light of *Mastriano v. Board of Parole*, 342 Or 684, 690, 159 P3d 1151 (2007) (holding that a denial of review or reconsideration that did not "reexamine the prior order * * * was not a final order subject to judicial review").

The Appellate Commissioner denied the board's motion to dismiss. The commissioner reasoned that petitioner "is not seeking to challenge any decision made in a previous [b]oard order; rather, [petitioner] seeks to challenge the [b]oard's recent decision that petitioner is not entitled to periodic review hearings." The commissioner concluded that the board "has not shown that the issue of whether petitioner is entitled to periodic review hearings and, if so, how often, was decided by the [b]oard in its prior order or that petitioner could have raised those issues for decision by the [b]oard at that time."

In its briefing and at oral argument, the board reiterated its argument that petitioner's claim is not subject to judicial review because "petitioner's argument * * * is encompassed within the issues that the board chose not to address by declining to reopen and reconsider a previous decision." The board reasons that, in 2008, petitioner requested periodic review and made that same request in 2011, albeit under a different subsection of the applicable rule; thus, the board in ARR 2 correctly understood petitioner's 2011 request to be seeking reconsideration of the board's denial of petitioner's 2008 request.

Petitioner contends that his request for review in 2011 was "fundamentally different" from the one he made in 2008 for the following reasons: (1) In 2008, petitioner relied on "subsection (4) of OAR 255-40-005" and ORS 144.228, whereas he "does not rely" on those provisions now; (2) and in 2011, he argued that he is entitled to "periodic review every *three* years, as opposed to every *two* years." (Emphasis in original.) Petitioner contends that the board has "misconstrued his argument" because the board has never considered whether petitioner is entitled to periodic reviews.

Petitioner does not dispute that *Mastriano* bars review if the board's decision in ARR 2 is properly characterized as a denial of a request to reopen and reconsider a previous decision. Thus, resolution of this case turns on that question. If, in fact, the board in ARR 2 correctly understood petitioner to be raising an issue that was before the board in ARR 1, then the board's denial of petitioner's request in ARR 2 was not a final order and is not subject to judicial review.

As we understand it, petitioner's theory is that his 2008 request was for something other than periodic review— specifically, a "parole consideration hearing"—and, therefore, the board's denial of that request was not a decision regarding periodic review.[2] It is true that petitioner's initial 2008 request asked for a "parole consideration hearing," and the board's response in BAF 3 construed petitioner's request as one for an "early parole consideration hearing." The board denied that request. In his request for administrative review of that denial, however (which is not contained in the record), petitioner *also* apparently cited OAR 255-40-005(4) (1982). In response, the board in ARR 1 wrote the following:

> "Next, you appear to allege that the Board must review your case every two years from the inception of your incarceration. As an initial matter, the Board notes that section 4 of OAR 255-40-005, which you cite, was effective February 1, 1979, and was repealed effective May 19, 1982, and therefore that rule is not applicable to your case and will not be discussed here."

As we now explain, in light of that paragraph, we conclude that petitioner did present the issue of periodic review to the board in 2008.

---

[2] Under board rules effective at the time petitioner was sentenced, if an offender was sentenced as a "dangerous offender," the board "shall not set a parole release date." OAR 255-38-005(1) (1982). Instead, the board, within six months of an offender's incarceration, shall "set a parole consideration hearing" date (rather than a parole release date). *Id.* At a parole consideration hearing, the board would determine whether the condition that rendered an offender "dangerous" was absent or in remission. *Id.* If the board concluded that the dangerous condition was present or was not in remission, the board would schedule another parole consideration hearing to occur "at least every two years thereafter." *Id.* If the board concluded that the dangerous condition was absent or in remission, then the board "shall set a release date or order parole if the prisoner is otherwise eligible under the rules." If an offender believed that he or she was no longer dangerous prior to his or her initial parole consideration hearing date, he or she could request an early parole consideration hearing. OAR 255-38-005(4) (1982).

By contrast, in 1983, an offender who was not sentenced as a dangerous offender or who had not committed murder was subject to periodic review after serving five years of his or her prison term and every three years thereafter. OAR 255-40-005(1) (1982). If certain conditions had been met, the board could reset an offender's parole release date to an earlier date. ORS 144.122(1)(a), (b). Because petitioner was sentenced as a dangerous offender, he was ineligible for periodic review in 1983. *See* OAR 255-40-005 (1982); OAR 255-38-005 (1982).

As it happens, contrary to the board's citation in ARR 1, OAR 255-40-005 *did not contain* a subsection (4) at any time in 1982. In order to make sense of the arguments in this case, therefore, some further examination of the regulatory scheme is required.

OAR 255-40-005 was amended effective May 19, 1982. Before that date, the rule provided, in its entirety, as follows:

"(1)   Periodic reviews shall be conducted after the prisoner has served five years of his prison term and every three years thereafter, starting with the date the prisoner's sentence begins to run.

"(a)   Dangerous offenders sentenced under ORS 161.725 and 161.735 shall be seen every two years as required by statute.

"(b)   Prisoners convicted of murder shall be seen as required by statute.

"(2)   Reviews that have been scheduled prior to January 26, 1977 shall be conducted as scheduled. Reviews scheduled subsequent to January 26, 1977 shall be rescheduled to comply with this rule."

Again, the rule did not contain a subsection (4), contrary to the board's citation in ARR 1 (and, apparently, petitioner's citation in his request for review that precipitated ARR 1).

Effective May 19, 1982, the rule was amended to provide as follows:

"(1)   Periodic reviews shall be conducted after the prisoner has served five years of his prison term and every three years thereafter, starting with the date the prisoner's sentence begins to run.

"(2)   Prisoners convicted of murder shall be seen as required by statute."

Thus, before May 19, 1982, the general rule in OAR 255-40-005 provided for periodic reviews every three years, but subsection (1)(a) set forth a different rule for dangerous offenders (every two years). Effective May 19, 1982, the rule was amended to eliminate the two-year review provision for dangerous offenders. Like the earlier version of the rule, the

post-May 19, 1982, version of the rule contained no subsection (4).

A subsection (4) *did* exist in a closely related rule, however: OAR 255-38-005. As explained below, that provision turns out to be directly applicable to the issues in this case. Accordingly, we presume that petitioner's 2008 request and the board's response in ARR 1 inadvertently cited a nonexistent rule, OAR 255-40-005(4), when they intended to cite OAR 255-38-005(4).

OAR 255-38-005(4) was also amended on May 19, 1982. Before that date, the rule provided, in relevant part, that "[p]eriodic reviews shall be given [to] dangerous offenders pursuant to rule 255-40-005." Effective May 19, 1982, subsection (4) was amended to eliminate any reference to periodic review for dangerous offenders:

> "[A] prisoner sentenced as a dangerous offender under ORS 161.725 and 161.735 may, if the prisoner believes that he is no longer dangerous, request a parole consideration hearing. Should the Board find based upon the request that there is a reasonable cause to believe the dangerous condition is in remission, the Board shall order a parole consideration hearing pursuant to the above procedures. Applications received more often than every two years will carry a greater burden in establishing that the request is reasonable."

Read together, before May 19, 1982, the two rules established a mechanism whereby dangerous offenders received periodic reviews every two years. OAR 255-38-005(4), a rule generally applicable to dangerous offenders, provided that dangerous offenders were to receive periodic reviews in accordance with OAR 255-40-005, a rule generally applicable to periodic reviews. Effective May 19, 1982, periodic reviews for dangerous offenders were abolished. Instead, with the amendment to OAR 255-38-005(4), dangerous offenders were provided an opportunity to request parole consideration hearings, which the board was required to grant only under certain conditions.

With this historical context in mind, we return to petitioner's 2008 request and the board's response in ARR 1.

The board's response reflects that the board had understood petitioner to allege an entitlement to administrative review every two years under "section 4" of OAR 255-40-005. No such "section 4" existed. But, as noted above, petitioner could plausibly have located an entitlement to two-year review in two other rules: subsection (1)(a) of the *pre*-May 19, 1982, version of OAR 255-40-005, and subsection (4) of the *pre*-May 19, 1982, version of OAR 255-38-005. A reasonable inference from the record is that either petitioner, or the board, or both, made a typographical error in citing OAR 255-40-005(4), rather than those other two provisions. That inference is further supported by the board's reasoning in denying petitioner's request. The board noted that "section 4 of OAR 255-40-005, which you cite, was effective February 1, 1979, and was repealed effective May 19, 1982, and therefore that rule is not applicable to your case." Again, the board's reference to "section 4 of OAR 255-40-005" was incorrect, but the board correctly identified the May 19, 1982, changes that affected both of the rules (OAR 255-40-005(1) and OAR 255-38-005(4)) that would have been the only conceivable basis for petitioner's contention that he was entitled to administrative review every two years.

Having so clarified our understanding of the record, we return to the board's motion to dismiss this request for judicial review. The board's reference in ARR 1 to the May 19, 1982, amendments to the periodic-review rules indicates that the board construed petitioner's 2008 request as a request for periodic two-year review, in the alternative to what petitioner labeled a request for a "parole consideration hearing." The board's interpretation was reasonable, because the rule cited by petitioner, OAR 255-40-005, relates to periodic review hearings, not parole consideration hearings. Thus, petitioner's contention on judicial review that he requested periodic review for the first time in 2011 is incorrect. When petitioner requested periodic review hearings in 2011 and the board denied that request in its 2012 ARR 2, the board correctly concluded that petitioner had already sought periodic review hearings in 2008, and that his 2011 request was, in effect, a request to reopen and reconsider the board's ruling on that issue.

Given our conclusion that the board rejected petitioner's 2008 request for periodic review hearings and then declined to reopen and reconsider that order in 2011 in ARR 2, we conclude that the 2011 order was not a "final order" and thus is not subject to judicial review at this time. *See* ORS 144.335(1)(a); *Mastriano*, 342 Or at 690 (holding that a denial of review or reconsideration that does not "reexamine the prior order * * * was not a final order subject to judicial review").[3]

Petition for judicial review dismissed.

---

[3] Petitioner argues that, because the Appellate Commissioner denied the board's motion to dismiss, the "question of whether the order is a final order is law of the case" and "no longer subject to dispute in this court." Petitioner is incorrect. *See City of Eugene v. Smyth*, 239 Or App 175, 177, 243 P3d 854 (2010) (holding that the Appellate Commissioner's denial of a party's motion to dismiss "does not preclude us from reaching [a party's] jurisdictional argument, which it raises again in its brief" and citing ORAP 7.15(3)).